IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02145-MSK-BNB

JASON MARTINSON,

      Plaintiff,
v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., and
TRAVIS JUSTUS, Owner of Professional Bureau of Collections of Maryland, Inc.

      Defendants.
_____

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
_____

      The parties, by and through their respective counsel, stipulate to the entry of this Protective Order Concerning Confidential Information, as follows:

      1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

      2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

      3.    Information designated "CONFIDENTIAL" shall be defined as: (a) Documents and information produced by Professional Bureau of Collections of Maryland, Inc. and Travis Justus, ("Defendants"), or any of Defendants' agents or representatives, when designated as "confidential" as provided herein, containing confidential or personal and private

information ~~including but not limited to information regarding current or former employees of Defendants (including Plaintiff) and Defendants' trade secrets and/or other research, development, commercial or financial information that is either privileged or confidential (b) Documents and information produced by or obtained through releases produced by Plaintiff, containing confidential or personal and private information including, but not limited to, individual medical information, personal identification, financial and/or tax records, when designated as "confidential" as provided herein.~~

    4.    CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    5.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties and designated representatives for the entity defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e) the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain verbal or written agreement from such person that he or she will be bound by its provisions.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by lawyer who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is CONFIDENTIAL or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Further, parties and attorneys designating documents as CONFIDENTIAL represent that such documents contain information in which there is a legitimate private or public interest as referenced in D.C.Colo.LCivR 7.2(B)(2).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order within thirty (30) days of the aforementioned notice.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Stamped confidential documents may be included with or attached to motions under Federal Rules of Civil Procedure 12 and 56, motions to determine confidentiality under this Protective Order, motions related to discovery disputes or other matters where confidential documents are relevant to the motion.  Nothing in this Protective Order precludes the filing of or requires a party to file a Motion to seal under D.C.Colo.LCivR 7.2.

11. The terms of this Protective Order shall survive the termination of this action, and all protections of this Protective Order shall remain in full effect in perpetuity, except for Confidential material that is disclosed at trial.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated January 6, 2010.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 5th day of January 2010.

*s/ Darold W. Killmer*                                     *s/ Kristi L. Blumhardt*

| | |
|---|---|
| Darold Killmer | Kristi L. Blumhardt |
| Mari Newman | McElroy, Deutsch, Mulvaney & |
| Sara J. Rich | Carpenter, LLP |
| Rebecca T. Wallace | 5613 DTC Parkway, Suite 1100 |
| KILLMER, LANE & NEWMAN, LLP | Greenwood Village, CO 80111 |
| 1543 Champa Street, Suite 400 | Denver, CO 80920 |
| Denver, CO 80202 | (303) 293-8800 |
| dkillmer@kln-law.com | kblumhardt@mdmc-lawco.com |
| mnewman@kln-law.com | |
| srich@kln-law.com | ATTORNEY FOR DEFENDANTS |
| rwallace@kln-law.com | |

ATTORNEYS FOR PLAINTIFF