IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-02145-MSK-BNB

JASON MARTINSON,

    Plaintiff,

v.

PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC. and
TRAVIS JUSTUS,

    Defendants.

---

**ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS
AND ON MOTION TO SEAL EXHIBITS**

---

THIS MATTER is before the Court on Defendants' Motion for Attorneys' Fees and Costs (Doc. # 53)[1]; and, on Defendants' Motion to Seal Exhibits (Doc. # 54). The Plaintiff has filed a Response to the Motion for Attorneys' Fees and Costs (Doc. # 57); and, the Defendants have filed a Reply to the Response to the Motion for Attorneys' Fees and Costs (Doc. # 58).

**Jurisdiction and Issues Presented**

This court exercises jurisdiction pursuant to 28 U.S.C.S. §§ 1331, 1441. JASON MARTINSON, the Plaintiff, was employed by Defendant PROFESSIONAL BUREAU OF COLLECTIONS OF MARYLAND, INC., hereinafter the Defendant from September 18, 2006, through August 29, 2007 (Doc. # 25, ¶ 9). The circumstances of the termination of his

---

[1] "(Doc. # 53)" is an example of the convention used to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). This convention will be used throughout this order.

employment form the basis of his claims in this action. During the discovery process, in response to the Defendant's Motion to Dismiss, the Plaintiff dismissed the action. The Defendant now seeks attorney fees under Colorado law for assertion of what it contends was a frivolous and groundless action. The Plaintiff objects. The issues presented are whether attorney fees should be awarded and whether the Plaintiff's medical records, submitted in conjunction with the motion, should be sealed.

**Background**

Factual Background

On June 5, 2007, the Plaintiff visited his doctor because of a growth on his skin (*Id.* at ¶ 12). The medical records from that date include the "Patient Instructions" that the "Lesion is either an epidermal inclusion cyst or a lipoma" (Doc. # 55, SEALED Ex. C to Doc. # 53, at p. 6.) A biopsy was ordered.[2] (*Id.* at pp. 2, 3, 8-9).

Following his appointment with his doctor, the Plaintiff became alarmed, in part due to his family's medical history regarding growths on the skin (Doc. # 25, at ¶¶ 14, 16). Because he was concerned that any delay could lead to an aggressive cancer, he scheduled a surgery at the

---

[2] Although the parties assert different significance to the medical records, it is not necessary to determine whether the growth was malignant or not. Although rare, epidermal cysts can transform into cutaneous squamous cell carcinomas. See: Sonia Ziadi, Mounir Trimeche, Faten Hammedi, Baddredine Sriha, Wafa Jomaa, Moncef Mokni, & Sadok Korbi, *Squamous Cell Carcinoma Arising from an Epidermal Inclusion Cyst: A Case Report*, 2(1) NORTH AM. J. MED. SCI. 46, 47 (January 2010) (malignant transformation rate reported at 0.011 to 0.045%) *available at* http://www.najms.org/resources/PDF+46-47+Squamous+cell+carcinoma+arising+from+an+epidermal+inclusion+cyst.pdf (citing Chiu MY & Ho ST, *Squamous Cell Carcinoma arising from an Epidermal Cyst*, 13 HONG KONG MED. J. 482, 482-84 (2007); F. López-Ríos, J.L. Rodríguez-Peralto, E. Castaño & A. Benito, *Squamous Cell Carcinoma Arising in a Cutaneous Epidermal Cyst: Case Report and Literature Review*, 21 AM. J. DERMATOPATHOL. 174, 174-77 (1999)).

next available appointment time for his medical provider, on August 28, 2007 (*Id.* at ¶ 17).

Pursuant to the Defendant's policies, the Plaintiff submitted a Time Off Request for three days leave to accommodate his medical procedure (*Id.* at ¶ 18). The Plaintiff's supervisor approved the Plaintiff's Request. However, prior to the surgery Defendant TRAVIS JUSTUS, hereinafter " Mr. Justus", asked the Plaintiff several questions about his upcoming surgery and his leave of absence from work (*Id.* at ¶ 20).

Approximately one week prior to the Plaintiff's medical procedure, he was informed that his approved Request for time off was being reversed because the time off fell during the "end of month" period (*Id.* at ¶ 21). The Plaintiff also contends that the reversal of his Request was contrary to the Defendant's policies and procedures as stated in the Employee Policy Manual (*Id.* at ¶¶ 22-25). The Plaintiff allegedly met with Defendant Justus, and informed Justus that he had a family history of cancer, and that his doctor had advised him that the upcoming procedure was necessary (*Id.* at ¶ 27). According to the Plaintiff, Justus refused to accommodate the Plaintiff's request, and ordered the Plaintiff to reschedule the medical procedure (*Id.* at ¶ 28). The Plaintiff told Justus that he would attempt to reschedule the appointment (*Id.* at ¶ 29).

When he attempted to reschedule the procedure, the Plaintiff discovered that the next available time was another month away; and, also necessarily would fall at the "end of month" time (*Id.*). For these reasons, and because of his high level of concern regarding his health, the Plaintiff declined to reschedule the procedure (*Id.* at ¶¶ 30-32). The Plaintiff informed his supervisor of the scheduling difficulties and also informed the supervisor that he required one day for the scheduled procedure, but would not take off the additional two days initially intended for recovery (*Id.* at ¶ 32).

When the Plaintiff returned to work following his surgery, he was notified that his employment was terminated (*Id.* at ¶ 36)[3]. Defendant Bureau of Collections provided as a reason for his termination that he had been a "no-call, no-show".

Procedural Background

The Plaintiff filed a Complaint (Doc. # 2) in state court ( Arapahoe County District Court). The Defendant removed the case to this court asserting federal question jurisdiction. The Defendant filed a Motion to Dismiss on September 08, 2009 (Doc. # 3). The Plaintiff filed an Amended Complaint against the Defendant followed by a second Amended Complaint against both the Bureau of Collections and against Mr. Justus (Doc. # 19). On November 03, 2009 the Plaintiff filed a Motion to Amend/Correct/Modify the Amended Complaint (Doc. # 22); and, also filed a Second Amended Complaint, hereinafter "the Complaint", against Bureau of Collections and Justus (Doc. # 25).

The most recent Complaint stated claims under state law against Defendant Bureau of Collections based upon promissory estoppel, wrongful discharge, and discrimination in violation of the Colorado Anti-discrimination Act, and outrageous conduct. Under federal law the Plaintiff asserted claims for discrimination and retaliation in violation of the Americans with Disability Act. (*Id.* at ¶¶ 45-90). Against Mr. Justus, the Plaintiff brought claims for intentional interference with contract and/or prospective business advantage and for outrageous conduct. (*Id.* at ¶¶ 45-57).

On November 18, 2009, the Defendant Bureau of Collections filed a Motion to Dismiss

---

[3] Subsequent to his procedure, the Plaintiff discovered that his diagnosis was "lipoma" (*see* Doc. # 55, SEALED Ex. C to Doc. # 53, at p. 2).

the Second Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6) (Doc. #37), and Mr. Justus, represented by the same counsel, followed suit on December 29, 2009 (Doc. # 44). The Plaintiff responded to the Motions to Dismiss on December 15, 2009 (Doc. # 43) and January 22, 2010 (Doc. # 50), respectively. Then, on January 27, 2010, the Plaintiff filed a Notice of Voluntary Dismissal of Case (Doc. # 51).

On February 17, 2010, the Defendants filed the instant Motion for Attorney Fees and Costs (Doc. # 53), in which they seek an award of $38, 377.00 in attorney fees and $2,422.27 in costs, and a Motion to Seal Exhibit C to the Motion for Attorney fees ( Doc. #54). They contend that the claims asserted were groundless and frivolous pursuant to Colorado Revised Statute § 13-17-102 and that the Plaintiff's pursuit of this action was vexatious pursuant to 28 U.S.C. § 1927.

## Discussion

Colorado Revised Statute § 13-17-102

Section 13-17-102 provides, in relevant part, that the court "shall assess attorney fees if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification . . . [where] 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious". C.R.S. § 13-17-102(4). This Section also provides that "[n]o attorney fees shall be assessed if, after filing suit, a voluntary dismissal is filed as to any claim or action within a reasonable time after the attorney or party filing the dismissal knew, or reasonably should have known, that he would not prevail on said claim or action". C.R.S. § 13-17-102(5).

Similarly, Rule 11 of the Federal Rules of Civil Procedure provides for the sanction of

5

"all of the reasonable attorney's fees and other expenses", resulting from a violation of Rule 11(b). FED. R. CIV. P. 11(c)(4). Rule 11(b) provides, in relevant part, that

> [b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law; [and,] (3) the factual contentions have evidentiary support.

FED. R. CIV. P. 11(b)(1)-(3). Rule 11 also contains a "safe harbor" provision, whereby a Motion for Sanctions under Rule 11 must not be filed "until 21 days after it has been served upon the opposing party and only if the opposing party has not withdrawn the challenged allegation or paper". *McCoy v. West*, 965 F.Supp. 34, 35 (D. Colo. 1997); *see also* FED. R. CIV. P. 11(c)(2).

On at least one occasion, this Court has had the opportunity to reconcile the application of the Colorado statute and Rule 11. In *McCoy*, the court decided that "to the extent Colo.Rev.Stat. § 13-17-101 *et seq.* is inconsistent with the procedural safe-harbor provisions of Rule 11, it is preempted". *McCoy*, 965 F.Supp. at 35; *see also Bd. Of County Comm'rs v. Kraft Bldg. Contrs.*, 122 P.3d 1019, 1026, 2005 Colo. App. LEXIS 340 (Colo. Ct. App. 2005), *cert. denied,* 2005 Colo. LEXIS 1006 (Nov. 7, 2005) (unpublished decision) ("the [state] trial court lacked jurisdiction to award fees under [C.R.S.] § 13-17-101, *et. seq.*, for activity related solely to federal court proceedings")[4]. If the matter "is covered by a Federal Rule, a federal court need

---

[4] *See also Spratt v. Leinster*, 2007 U.S. Dist. LEXIS 61388 at *3, 2007 WL 2412826 (D. Colo. Aug. 21, 2007) (unpublished decision) ("In federal court, however, 'to the extent Colo.Rev.Stat § 13-17-101 *et seq.* is inconsistent with the procedural safe-harbor provisions of Rule 11, it is preempted") (quoting *McCoy*, 965 F.Supp at 35); *Hantz Air, L.L.C. v. J.Mesinger Corp. Jet. Sales, Inc.*, 2007 U.S. Dist. LEXIS 37621 at *3 (D. Colo. May 22, 2007) (unpublished decision) ("Colorado's statute [C.R.S. § 13-17-101] allowing the recovery of attorneys' fees for

6

not perform a full *Erie* analysis to determine whether the matter is substantive or procedural".

*McCoy*, 965 F.Supp at 35-36.

The state statute does not contain a "safe harbor" provision and therefore is inconsistent with Rule 11. Accordingly, it is Rule 11 that is applied here. The Plaintiff dismissed the action prior to the filing of the subject motion for attorney fees on February 17, 2010. Such motion recites compliance with D.C.Colo.L.Civ.R. 7.1 in that counsel for the parties conferred with each other prior to the filing of the motion, but it does not reflect service of the Motion for Attorney Fees prior to the Plaintiff's voluntary dismissal. Thus, the Motion does not comply with Rule 11, because it give the Plaintiff a 21 day safe harbor in which to act in order to avoid imposition of sanctions. *See Hantz Air*, 2007 U.S. Dist. LEXIS 37621 at *3 ("Where a party's motion for attorneys' fees does not comply with Rule 11 of the Federal Rules of Civil Procedure, the state rule does not supply an alternate basis for sanctions"); *see also McCoy*, 965 F.Supp at 35; *Spratt*, 2007 U.S. Dist. LEXIS 61388 at *3. Accordingly, the Motion for Attorneys Fees and Costs is **DENIED**.[5]

---

frivolous and groundless claims is preempted to the extent that it is inconsistent with the procedural safe-harbor provisions of Rule 11 of the Federal Rules of Civil Procedure. Where a party's motion for attorneys' fees does not comply with Rule 11 of the Federal Rules of Civil Procedure, the state rule does not supply an alternate basis for sanctions") (citing *McCoy*, 965 F.Supp at 35).

[5] Had the Court applied the Colorado statute, the result would have been the same. Although the parties dispute the significance of the medical evidence, there were claims not based upon it - notably the promissory estoppel, breach of contract and outrageous conduct claims against Defendant Bureau of Collections and interference with a contract claim against Defendant Justus. These could have been pursued regardless of any deficiency in investigation of the medical evidence. In addition, the relations between opposing counsel appear to have been unnecessarily acrimonious which increased the fees and expenses to both parties. Finally, the Defendants' fees were largely the product of an aggressive defense strategy, involvement of multiple attorneys, and duplicative and unproductive research and drafting. Thus, the fees and

28 U.S.C. § 1927

Pursuant to § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct". 28 U.S.C. § 1927. An award of attorneys' fees under this section is appropriate when the attorney's conduct, "when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court'", such as when the plaintiff's attorney "does nothing with the[] claims until after [the defendant] move[s] to dismiss"[6], or when "the arguments presented on behalf of [the plaintiff] [a]re completely meritless". *Dominion Video Satellite, Inc. v. Echostar Satellite, L.L.C.*, 430 F.3d 1269, 1279 (10th Cir. 2005).

According to the U.S. Court of Appeals for the Tenth Circuit, "[t]he standard to be applied [in § 1927 claims] is one of objective bad faith". *Ctr. For Legal Advocacy v. Earnest*, 89 Fed. Appx. 192, 193 (10th Cir. 2004). The Tenth Circuit further elucidated that "[u]nder this standard, sanctions are appropriate when: (1) an attorney attempts to mislead the court; (2) an attorney intentionally acts without a plausible basis; (3) the entire course of proceedings is unwarranted; or (4) certain discovery is substantially unjustified and interposed for the purposes of harassment, unnecessary delay, and to increase the costs of litigation". *Id.* (citing *Miera*, 143 F.3d at 1342).

Defendant Bureau of Collection's first Motion to Dismiss was filed on September 08,

---

expenses were not incurred as a result of inappropriate conduct by Plaintiff or his counsel.

[6] *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998)).

2009. Discovery commenced on November 10, 2009, and the voluntary dismissal was filed on January 27, 2010. Both Defendants received what they asked for - dismissal of the case. Both Defendants were represented by the same counsel which should have yielded some economies. The Defendants chose to file replies to their separate motions to dismiss, responded to some discovery requests, and prepared for depositions, the Court finds that the pretrial practice prior to dismissal was not extensive. At the time the Plaintiff filed his Notice of Voluntary Dismissal of Case, the Defendants had responded to only some discovery requests and no depositions had been taken by either party.

The Court also notes that the record demonstrates that the Plaintiff's counsel specifically gathered credible evidence on the factual details of Plaintiff's growth and his diagnosis, not only from the Plaintiff; but also, from former employees of Defendant Bureau of Collection and the Plaintiff's family[7]. Factual investigation into the policies and practices of Defendant Bureau of Collections also was undertaken by the Plaintiff's counsel[8]. The record also demonstrates that Plaintiff's counsel conducted and/or directed legal research into the legal bases for Plaintiff's claims[9].

Although the claims may not have been ultimately provable, the Plaintiff's attorney acted in an objectively reasonable matter throughout the pendency of this case. The Defendants have not shown that the Plaintiff's attorney misled the court, or intentionally acted without a plausible

---

[7] (*See* Doc. # 57, at pp. 3-4, 14-15; Doc. # 57, Ex. 13, Acevedo Declaration, ¶ 8, Ex. 1, Killmer Declaration, ¶¶ 13, 15, 17, Ex. 2, Thomas Declaration, ¶ 8, Ex. 3, Henson-Maxwell Declaration, ¶¶ 3-9.)

[8] (*See* Doc. # 57, Ex. 2, Thomas Declaration, Ex. 3, Henson-Maxwell Declaration.)

[9] (*See* Doc. # 57, Ex. 1, Killmer Declaration, ¶¶ 13, 14, 16.)

9

basis[10]. Neither have they convinced the Court that the entire course of proceedings was unwarranted, or that any discovery was substantially unjustified or interposed for improper purposes. There is no convincing evidence that the Plaintiff's attorney intentionally or recklessly disregarded his duties to the Court[11]. Therefore, the Defendants are not entitled to any award of attorneys' fees or costs pursuant to 28 U.S.C. § 1927.

Motion to Seal

The Supreme Court acknowledged a common-law right of access to judicial records in *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised on the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (J. Kane), *aff'd*, 139 F.3d 798, (10th Cir. 1998). However, "[o]f course, privacy interests are recognized in particular circumstances to be in the public interest". *Id.* at 801-02.

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document

---

[10] Perhaps the Plaintiff should have investigated the medical records more thoroughly at an earlier point in time, *e.g.*, by contacting the examining physician. However, this does not rise to the level of reckless disregard for his duties to the Court, or bad faith; and, it does not establish that he intentionally brought claims which were not plausible.

[11] The Court also notes that the instant Motion for Attorneys' fees and costs is as vexatious as Plaintiff's Complaint.

should be sealed. *Nixon,* 435 U.S at 599. D.C. Colo. L. Civ. R. 7.2 requires a party to justify the sealing of documents in the public record. Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh*, 119 F.3d at 814. It logically "follows, then, that the common-law right of access extends to 'materials on which a court relies in determining the litigants' substantive rights'". *In re Providence Journal Co.*, 293 F.3d at 9-10.

The instant Motion to Seal involves the Plaintiff's medical records, which are of a sensitive nature. They were attached to the Defendants' Motion for Attorneys' Fees and Costs pursuant to a Stipulated Protective Order entered on January 6, 2010 (Doc. #49), but the court has relied upon them in determining this matter. Thus, they were not essential to the process. Given the private nature of the records, they are appropriately sealed.

**IT IS HEREBY ORDERED** the Defendants' Motion for Attorneys' Fees and Costs (Doc. # 53) is **DENIED**; and, the Defendants' Motion to Seal Exhibits (Doc. # 54) is **GRANTED.**

DATED this 21st day of September, 2010.

BY THE COURT:

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge